### KAHONU ET AL. *vs.* PAMAHOA.

#### ON APPEAL.

ALL THE PARTIES to this suit claimed in the Probate Court to be heirs of Charles Kanaina, deceased, through Kaneikolia, his aunt. Their claims were disallowed and Pamahoa (defendant) alone appealed to a jury who rendered a verdict that Kaneikolia was the sister of Kanaina's mother. Pamahoa took a distributive share of Kanaina's estate upon this verdict.

A bill in equity was filed by plaintiffs claiming to be heirs of said Kaneikolia, and praying that the share of the estate of Kanaina be equally divided between them and defendant. The bill was demurred to on the ground that the verdict was conclusive in favor of defendant alone ;

HELD, the question as to who were heirs of Kaneikolia was still open. Demurrer overruled.

Opinion of the Court by JUDD, C. J.

This is a bill in equity by Kukahiko, Kahonu Kamakamohaha, Kaupai, Kauoha, Kalepa and Maihui, against Pamahoa, alleging that one Charles Kanaina died intestate in 1877, leaving no widow or issue; that on a petition for distribution the court of probate decreed that his estate should be distributed in eight shares among various parties as his heirs, descendants

of the brothers and sisters of his father and mother; that at
the hearing the defendant Pamahoa claimed to be entitled to
one distributive share as the great-grand-daughter of one
Kaneikolia the sister of Kauwa, the mother of the decedent;
that the Probate Court (the late Chief Justice Harris) disal-
lowed this claim, whereupon Pamahoa appealed to a jury
which rendered a verdict finding that Kaneikolia was daughter
of Moana, and younger sister of Kauwa, the mother of Charles
Kanaina. The bill further alleges that the plaintiffs, as well
as the defendant, are heirs of the said Kaneikolia and sets
forth their pedigree through Nakoolaniohaka a daughter of
Kaneikolia, and claims that the share of the estate of Charles
Kanaina for which judgment was given for the heirs of said
Kaneikolia should be divided among the plaintiffs, in certain
alleged shares, which division the defendant has refused to
make. The bill prays that the share of the estate of Charles
Kanaina, for which judgment was thus given upon the appeal
of Pamahoa, may be divided equally among the plaintiffs who
are the children of Nakoolaniohaka and the representatives of
her children deceased and the defendant Pamahoa; that
Pamahoa may be ordered to file an account of all moneys
received by her from the estate of Charles Kanaina; that the
Administrator and Commissioner, W. C. Parke and J. I.
Dowsett (who it is alleged holds moneys of the said Pama-
hoa, received on account of her share in this estate) be
ordered to file accounts and be enjoined against paying the
money over to Pamahoa.

The defendant demurred to the bill, alleging want of equity
and that the verdict of the jury was conclusive in her favor.
The late Chief Justice Harris, on the 9th of June last, filed
his opinion overruling the demurrer and ordering defendant
to answer. An appeal was then taken to the full Court.

The defendant urges that the property in question has been
decided by the proper Court to be in Pamahoa, and that this
verdict is conclusive and excludes the claims of the plaintiffs,

being an adjudication by a competent Court on a matter within its jurisdiction, and therefore binding and conclusive, and which cannot be impugned or contradicted so long as it remains in force and unreversed.

This doctrine of law, protecting decrees and judgments of Courts, we think was well put by defendant's counsel, but it does not apply in this case.

The verdict of the jury and the judgment in pursuance of it was that Kaneikolia was the sister of Kanaina's mother, and this proposition the plaintiffs do not propose to invalidate or contradict, for their claim in this bill is founded upon it. This was the only question the jury was asked to pass upon, and a special issue was accordingly framed for them to find. The jury were not asked to decide the further question as to whether Pamahoa was the sole heir of Kaneikolia, nor could they well have been asked so to find, for it was a matter of no concern to the other claimants to this estate how many descendants Kaneikolia left and who they were. Their only interest was in the question whether Kaneikolia was an aunt of Kanaina, and whether she left one descendant capable of inheriting. The present plaintiffs were not parties to that action; if they had been, they would have made common cause with the defendant on the issue made up.

It does not seem to us that this bill seeks to reopen any question that has been the subject of litigation. It does not affect any of the heirs who have been decreed to inherit from Charles Kanaina, except the one claiming through Kaneikolia.

Several of these plaintiffs, as well as the defendant, presented their claims to the Probate Court, and all sought to show that Kaneikolia was the aunt of Kanaina, but no one succeeded in proving it to the satisfaction of that Court. One of the parties, the defendant in this case, thereupon prosecuted the appeal and was successful.

If each of these parties had appealed to a jury, there would have been allowed but one jury and one trial of this issue,

and the result would have been the same so far as the other claimants in the Kanaina estate were concerned.

The bill avers that the plaintiffs are heirs of Kaneikolia and that the defendant is likewise, and the demurrer concedes this for arguments' sake; then, as the late Chief Justice well says in his opinion, "it would clearly be inequitable that the defendant should obtain all the property which belongs to the heirs of Kaneikolia and the others obtain nothing," and as this is exactly what this bill seeks to remedy, the plaintiffs must have an opportunity of showing whether they are in fact heirs of Kaneikolia.

Demurrer overruled and defendant to answer in twenty days.

Castle & Hatch for plaintiffs.

S. B. Dole and J. Russell for defendant.